IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIANE KEMMERER )
 )
       Plaintiff, )
 )
  -vs- ) Civil Action No. 17-1126
 )
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
       Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 12, 13[2] and 16). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14, 17 and 18). After careful consideration of the submissions of the parties, and based on my opinion set forth below, I am denying Plaintiff's Motions (ECF No. 12 and 13) and granting Defendant's Motion for Summary Judgment. (ECF No. 16).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her applications alleging she had been disabled since as early as September 14, 2014. (ECF No. 9-5, p. 11). Administrative Law Judge ("ALJ"), Christian Bareford, held a hearing on August 24, 2016. (ECF No. 9-2, pp. 28-72). On February 14, 2017, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 9-

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

[2] Plaintiff filed both a Motion for Judgment on the Pleadings (ECF No. 12) and a Motion for Summary Judgment (ECF No. 13). They are essentially the same Motion. In fact, Plaintiff filed one brief in support of both Motions. (ECF No. 14). As a result, I will consider them as one Motion for Summary Judgment.

2, pp. 14-22).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12, 13 and 16). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity (RFC)[3]

Plaintiff argues that the ALJ erred in determining her RFC. (ECF No. 14, pp. 9-10, and No. 18, pp. 2-3). Specifically, Plaintiff suggests that the ALJ made two errors: 1) the ALJ failed

---

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff had the RFC to perform light work, with certain exceptions. (ECF No. 9-2, p. 18).

to explain why he did not include any standing or walking limitations; and 2) the ALJ failed to explain why the RFC does not contain any mental limitations. *Id.* After a review of the record, I disagree.

An ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000); *Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122, *quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *Id.*

In this case, contrary to Plaintiff's assertions otherwise, the ALJ specifically discussed the evidence of record pertaining to Plaintiff's ability to walk and stand, as well as her hip pain and walking with a limp. (ECF No. 9-2, pp. 18-21). For example, the ALJ discussed Plaintiff's testimony, the opinion and other medical and other evidence and found them to be inconsistent and unsupported. *Id.* Consistency and supportability are valid and acceptable reasons for weighing evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Evidence). Furthermore, there is no requirement for an ALJ to discuss or refer to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). After a review of the record, I find that I am able to sufficiently discern the basis for the ALJ's opinion regarding her ability to walk and stand and find that it is based on substantial evidence. (ECF No. 9-2, p. 18-21). Thus, I find no error in this regard.

With regard to Plaintiff's mental RFC, the ALJ discussed at length the evidence of record, appropriately weighing the same. (ECF No. 9-2, pp. 14-22). The ALJ found that Plaintiff's mental impairments did not result in any limitations to the RFC. *Id.* After a review of the record, I find the ALJ's RFC adequately addresses Plaintiff's mental limitations and his determination is supported by substantial evidence. *Id.* Therefore, remand on this basis is not warranted.

**C.    Severe Impairment**

In her Reply Brief, Plaintiff seems to argue for the first time that the ALJ erred in failing to consider her mental impairments to be severe. (ECF No. 18, p. 4). At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §416.1420(a). The mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004). To be clear, the question of severity relies not on the particular condition, but on the limitations stemming from that condition. *Id.* An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months. 20 C.F.R. §416.920(c), §416.921(a); §416.909, 42 U.S.C. §423(d). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

In this case, the ALJ found that Plaintiff has the following severe impairments: status post left intracranial hemorrhage, brain aneurysm, and craniotomy; degenerative joint disease, right hip and both hands; and right shoulder impingement syndrome. (ECF No. 9-2, p. 17). So, the ALJ proceeded to the next steps. (ECF No. 9-2, pp. 18-22). Thus, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded beyond step 2. In so doing, the ALJ acknowledged that in making the RFC determination he considered all impairments. (ECF No.

9-2, p. 19). The ALJ then proceeded to consider the Plaintiff's severe and non-severe impairments (specifically, Plaintiff's alleged mental impairments) in the evaluation process and in determining Plaintiff's RCF. (ECF No. 9-2, pp. 18-21). Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).[4]

Consequently, remand is not warranted. An appropriate order shall follow.

---

[4] Furthermore, I note that just because an impairment is found to be severe, or in this case non-severe, does not mean necessarily that it erodes a plaintiff's RFC. *Franklin v. Astrue*, No. 10-CV-02532-PAB, Civ No. 10-cv-2532, 2012 WL 1059995, at *3 (D. Colo. Mar. 28, 2012) ("Simply because plaintiff established a 'severe impairment' which only 'requires a de minimis showing of impairment,' does not necessarily require that the ALJ conclude that the impairment materially erodes plaintiff's RFC.").

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIANE KEMMERER )
)
       Plaintiff, )
)
-vs- ) Civil Action No. 17-1126
)
NANCY A. BERRYHILL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
)
       Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 13th day of February, 2019, it is ordered that Plaintiff's Motions for Summary Judgment (ECF Nos. 12 and 13) are denied and Defendant's Motion for Summary Judgment (Docket No. 16) is granted.

                                                BY THE COURT:

                                                s/ Donetta W. Ambrose
                                                Donetta W. Ambrose
                                                United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.